IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT E. WARREN,

    Plaintiff,

vs.                                                                     Civ. No. 95-1272 LCS

BOARD OF EDUCATION OF GADSDEN
INDEPENDENT SCHOOL DISTRICT,

    Defendant.

## **MEMORANDUM OPINION**

        This matter comes before the Court upon Defendant's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial, filed February 5, 1998. This is a Title VII, 42 U.S.C. §2000e, et seq., case in which the Plaintiff claims that he was not hired by the Defendant as a social studies teacher because of his race. The Defendant, however, subsequently hired the Plaintiff as a bilingual teacher, a position he was allegedly not qualified to perform. The cause was tried to a jury tried and on January 23, 1998 it returned a verdict in favor of the Plaintiff. The Court subsequently entered a judgment on the verdict on January 26, 1998 and awarded the Plaintiff $90,000.

        Defendant's motion for judgment as a matter of law is brought pursuant to Federal Rule of Civil Procedure 50(b). In considering a motion for judgment as a matter of law, the Court cannot "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury." **Harold Stores, Inc. v. Dillard Dep't Stores, Inc.**, 82 F.3d 1533, 1546 (10th Cir. 1996). The Court "may find error only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found," and "must construe the

1

evidence and inferences most favorably to the nonmoving party." **Compton v. Subaru of America, Inc.**, 82 F.3d 1513, 1520 (10th Cir. 1996) (internal quotation omitted). Thus, the Court can only grant Defendants judgment as a matter of law if "there is no legally sufficient evidentiary basis . . . with respect to a claim . . . under the controlling law." **Harold Stores**, 82 F.3d at 1546-46 (quoting Fed. R. Civ. P. 50(a)).

Under Federal Rule of Civil Procedure 59(a), "[a] new trial may be granted . . . on all or part of the issues . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. C.V.. P. 59(a). "Whether to grant a new trial is a decision committed to the sound discretion of the district court." **Atencio v. City of Albuquerque**, 911 F. Supp. 1433, 1437 (D.N.M. 1995). The Court should not grant a new trial "unless [it] finds that prejudicial error has entered the record or that substantial justice has not been done." **Torre v. Federated Mut. Ins. Co.**, 897 F. Supp. 1327, 1331 (D. Kan. 1995). The Court will consider Defendant's motion in light of the above standards.

As support for its motion, the Defendant argues that the Plaintiff "failed to present sufficient evidence to create a factual question that Defendant's articulated reasons for its failure to hire Plaintiff were pretextual." Defendant's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial at 1. The Defendant, however, concedes that pretext might be shown "if Plaintiff were not hired for specific reasons, and then subsequently hired when those same reasons applied...." **Id**. at 5. The Defendant asserts that in this case "the circumstances under which Plaintiff was first rejected and then subsequently hired were completely different." **Id**. Specifically, the Defendant contends that Charlotte James, the person who hired the Plaintiff into

2

the bilingual position, was not the same person who rejected the Plaintiff for previous social studies positions. According to the Defendant, Ms. James based her hiring decision on factors not relied upon by those who first rejected the Plaintiff.

The Defendant's argument has two flaws. First, Ms. James is not the Defendant in this case. Her actions are not under scrutiny. The school board's decisions are. Second, the issue of whether the circumstances surrounding the hiring were different from those of the rejections is a question of fact for the jury to decide. In construing the evidence and inferences most favorably to the Plaintiff, I find that the jury could have reasonably inferred that pretext existed despite self-serving testimony by the Plaintiff and unfounded opinions by Mr. Nava. Accordingly, it is not necessary to address the various other tangential arguments made by both the Defendant and the Plaintiff in their respective briefs. I, therefore, conclude that the motion for judgment as a matter of law should be denied. Since no prejudicial error or substantial injustice occurred during the trial, I find that the motion for new trial should likewise be denied.

For the above reasons, Defendant's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial will be denied. An Order will issue in accordance with this Opinion.

DATED March 25, 1998.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(presiding judge by consent of the parties)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT E. WARREN,

    Plaintiff,

vs.                                            Civ. No. 95-1272 LCS

BOARD OF EDUCATION OF GADSDEN
INDEPENDENT SCHOOL DISTRICT,

    Defendant.

## **ORDER**

    A Memorandum Opinion in the above-entitled case was entered this date.

    IT IS THEREFORE ORDERED that Defendant's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial is DENIED.

    DATED March 25, 1998.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(presiding judge by consent of the parties)