IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT E. WARREN,

     Plaintiff,

vs.                                  Civ. No. 95-1272 LCS

BOARD OF EDUCATION OF GADSDEN
INDEPENDENT SCHOOL DISTRICT,

     Defendant.

**<u>MEMORANDUM OPINION</u>**

     This matter comes before the Court upon Plaintiff's Motion for Attorney's Fees, filed

February 24, 1998.  Plaintiff requests an award of attorney's fees in the amount of $104,019.20

which includes a gross receipts tax of 6.375%, expenses, and costs.  The Defendant contests the

Plaintiff's request for several reasons.  First, the Defendant argues that an award of attorney's fees

is premature because of its pending Motion for Judgment as a Matter of Law or in the Alternative,

for a New Trial.  Second, the Defendant contends that the Plaintiff is not a prevailing party.  Third,

the Defendant asserts that the billing invoices are not sufficiently detailed.  Fourth, the Defendant

argues that the requested rate of billing is unreasonable.

     The Defendant's prematurity argument is now moot since the Court has denied the

Defendant's  Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial.  As to

the prevailing party argument, the Defendant specifically contends that the amount of the

requested attorney's fees should be reduced because the Plaintiff's adverse impact claim was

dismissed on summary judgment and the claim of being hired into a position the Plaintiff was not

qualified for was dismissed on directed verdict.  "If claims are related, failure on some claims

should not preclude full recovery if plaintiff achieves success on a significant, interrelated claim." **Jane L. v. Bangerter**, 61 F.3d 1505, 1512 (10th Cir. 1995). Related claims are those that are based on a "'common core of facts'" or "'related legal theories.'" **Id**. (quoting **Hensley v. Eckerhart**, 461 U.S. 424, 435 (1983)). The Plaintiff's dismissed claims are based upon the allegation of race discrimination by the Defendant in its employment dealings with the Plaintiff. The claim that the Plaintiff prevailed on at trial was one of racial discrimination in failing to hire the Plaintiff as a social studies teacher. The dismissed claims and the prevailing claim are all based upon race discrimination and, therefore, are related. Accordingly, the Plaintiff's request for attorney's fees should not be decreased based on the Plaintiff's "limited success."

The Defendant, however, is correct in its observation that the Plaintiff's billing is not detailed and is "sloppy." The Plaintiff has the burden to prove the reasonableness of his charges and to keep "meticulous time records." **Id**. at 1510. The Plaintiff's counsel in this case failed to keep concurrent time records in violation of D.N.M. LR-Cv 54.5(b). **See** Invoices 1-4 (attached as Exhibit A to Motion for Attorney's Fees). Furthermore, invoice entries included such inaccuracies as taking 24 hours to interview a client or potential witnesses. **Id**. at Invoice 4. In fact, the lack of "meticulous time records" makes the entire billing suspect. Consequently, I find that the total hours of work claimed, 623 hours, should be reduced by 35% to 404.95 hours. **See Jane L.**, 61 F.3d at 1510 (35% reduction of hours appropriate when documentation of hours is inadequate).

The Defendant is also correct in its assertion that the Plaintiff's requested hourly rate is unreasonable. The Court has discretion in setting a reasonable hourly rate. **Id**. A reasonable hourly rate reflects "'the prevailing market rates in the relevant community.'" **Id**. (quoting **Blum**

**v. Stenson**, 465 U.S. 886, 895 (1984)).  Moreover, the Court "'is uniquely qualified to establish the reasonable hourly rate multiplier' because he is familiar with the case and the prevailing rates in the community."  **Smith v. Northwest Financial Acceptance, Inc.**, 129 F.3d 1408, 1418 (10th Cir. 1997)(quoting **Lucero v. City of Trinidad**, 815 F.2d 1384, 185-86 (10th Cir. 1987)).  Having considered the Plaintiff's requested $150.00 per hour for nontrial time and $300.00 per hour for trial time as well as the affidavit presented by the Defendant that a reasonable rate is between $100.00-$125.00 per hour, I find based upon the above considerations and my knowledge of the rates in this vicinity that a $115.00 per hour is a reasonable rate.  Applying the lodestar formula by multiplying the reasonable amount of hours expended on the litigation, 404.95 hours, by the reasonable hourly rate of $115.00, I conclude that the Plaintiff is entitled to $46,569.25 in attorney's fees.  **See id**.; **Jane L.**, 61 F.3d at 1509.

For the above stated reasons, the Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and the Plaintiff awarded $46,569.25 in attorney's fees plus the applicable gross receipts tax.  An Order will issue in accordance with this Opinion.

DATED March 26, 1998.

Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(presiding judge by consent of the parties)

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT E. WARREN,

     Plaintiff,

vs.                             Civ. No. 95-1272 LCS

BOARD OF EDUCATION OF GADSDEN
INDEPENDENT SCHOOL DISTRICT,

     Defendant.

## **ORDER**

A Memorandum Opinion in the above-entitled case was entered this date.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees is GRANTED

IN PART and the Plaintiff awarded attorney's fees in the amount of $46,569.25 plus the applicable

gross receipts tax.

DATED March 26, 1998.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(presiding judge by consent of the parties)